Dear Mr. Book:
You requested, in your letter of September 16, 1988, an Attorney General's opinion as to whether the Catahoula Parish Police Jury may co-sign a loan with a private corporation. A co-signing of the loan by the Police Jury would assist the private corporation in obtaining funding to lease the Catahoula Parish Hospital from the Police Jury. It is the opinion of this office that the Catahoula Parish Police Jury may not co-sign a loan to be made to the private corporation. Such action would violate Art. 7, Sec. 14 of the Louisiana Constitution of 1974.
This opinion is based on the following facts. The Police Jury currently owns the Catahoula Parish Hospital in Jonesville, Louisiana. The hospital has been closed for over a year. The hospital was opened in the late 1960's by the Police Jury. Hill-Burton funds provided by the federal government were used to start the hospital. One of the conditions imposed on the Police Jury was that the Hill-Burton loan be repaid by the providing of medical services to the needy for a twenty year period. The hospital needs seventeen more months of operation before the Hill-Burton debt is paid off. The alternative, if the hopital does not become operational, is for the surrounding hospitals to provide the necessary services to pay off this debt. Although the Police Jury owes $961,013 plus interest, alternative ways exist for paying this debt without direct monetary payment by the Police Jury.
At the present time a private corporation has agreed to lease, with an option to purchase, the hospital. As part of this agreement the corporation has requested the Police Jury to help it secure funding. The Police Jury has been requested to co-sign a $150,000 loan payable over a two year period. The operation of the hospital by the corporation will not relieve the Police Jury of its Hill-Burton debt unless and until the hospital has been operating for seventeen months.
Art. 7, Sec. 14 of the Louisiana Constitution of 1974 states:
 "(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
 (B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy; (2) contributions of public funds to pension and insurance programs for the benefit of public employees; (3) the pledge of public funds, credit, property, or things of value for public purposes with respect to the issuance of bonds or other evidences of indebtedness to meet public obligations as provided by law; . . .
 (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
Art. 7, Sec. 14 was interpreted by the Louisiana Supreme Court in City of Port Allen. La. vs. La. Municipal RiskManagement Agency, Inc. et. al., 439 So.2d 399 (La. 1983). The Supreme Court held that political subdivisions may not loan, pledge or donate their assets to anyone, whether a governmental or private entity merely for a "public purpose". It is, therefore, the opinion of this office that the Catahoula Parish Police Jury may not co-sign a loan for a private corporation for purposes of reopening the Catahoula Parish Hospital. Although the agreement would be serving a public purpose it is prohibited by Art. 7, Sec. 14 as interpreted by the Louisiana Supreme Court in City of Port Allen, Supra.
It should also be noted that even if such an agreement can be drawn to avoid violating Art. 7, Sec. 14, approval of the State Bond Commission would be required before it would become effective. See LSA-R.S. 47:1803.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: __________________________ J. MARVIN MONTGOMERY Assistant Attorney General
JMM:rmh
cc: Senator Steve Thompson John Johnson, District Attorney